```
1  Douglas Kruschen
2  P.O. Box 465
   Agoura Hills, CA 91376-0465
3  (805) 225-3328
4  (Plaintiff Pro Se)
```

FILED
CLERK, U.S. DISTRICT COURT
OCT - 9 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KRUSCHEN, an individual,<br><br>Plaintiff<br><br>v.<br><br>FMA ALLIANCE, LTD., a private limited company,<br><br>Defendant | Case No.: CV 13-7504 PSG (MRWx)<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Judge:<br>Dept.:<br>Trial Date: |

COMES NOW Plaintiff DOUGLAS KRUSCHEN, an individual, and for causes of action against Defendant, alleges as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* (TCPA).

2. Among its provisions, the TCPA precludes any person from making a call using an automatic telephone dialing system or an artificial or prerecorded voice to a cellular phone without

    the prior express consent of the party called. *47 U.S.C. § 227(b)(1)(A)(iii).*

3. The TCPA further precludes the use of an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. *47 U.S.C. § 227(b)(1)(B).*

4. The TCPA is a strict liability statute. Each call in violation of the statute is subject to a $500.00 penalty. *47 U.S.C. § 227(b)(3)(B).*

5. If the caller willfully or knowingly violates the statute, then each statutory penalty can be trebled ($1,500.00). *47 U.S.C. § 227(b)(3).*

6. Count II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* (FDCPA).

7. Count III of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788 et seq.* (RFDCPA).

## JURISDICTION AND VENUE

8. Jurisdiction of this court arises pursuant to *47 U.S.C. § 227(e)(6)(E)(i)*, which states that such actions may be brought and heard before "a district court of the United States."

9. *28 U.S.C. § 1367* grants this court supplemental jurisdiction over the state claims contained therein.

10. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

11. Venue is proper pursuant to *28 U.S.C. § 1391(b)(2).*

12. Declaratory relief is available pursuant to *28 U.S.C. § 2201 and § 2202.*

## PARTIES

13. Plaintiff is a citizen of the state of California, residing within the federal Central District.

14. Plaintiff is a "person" as defined by *47 U.S.C. § 153(39).*

15. Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692(a)(3).*

16. Defendant is a "debt collector" as defined by *15 U.S.C. § 1692(a)(6)* and *Cal Civ. Code §1788.2(c).*

17. Defendant engages in "telecommunications" as defined by *47 U.S.C. § 153(50).*

18. Defendant owns, operates, and/or controls "customer premises equipment," as defined by *47 U.S.C. § 153(16),* which originates, routes, and/or terminates telecommunications.

19. Defendant engages in "interstate communications" as defined by *47 U.S.C. § 153(28).*

20. Defendant uses, controls, and/or operates "wire communications" as defined by *47 U.S.C. § 153(59),* that exist as instrumentalities of interstate and intrastate commerce.

21. Defendant uses, controls, and/or operates "automatic telephone dialing systems" (ATDS) as defined by *47 U.S.C. § 227(a)(1)* and *47 C.F.R. 64.1200(f)(1).*

22. Defendant is a private company with its headquarters in Houston, Texas.

23. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

24. At all times relevant, Plaintiff's residential telephone lines have been registered with the Federal Trade Commission's National Do-Not-Call Registry.

25. At all times relevant, Plaintiff's cellular telephone lines have been registered with the Federal Trade Commission's National Do-Not-Call Registry.

26. Defendant receives inbound and places outbound telephone calls to and from (281) 670-1540, (281) 670-1572, (281) 670-1584, (281) 670-1600.

27. Between March 4, 2013, and April 2, 2013, Defendant made repeated telephone calls to Plaintiff by utilizing ATDS, and using an artificial or prerecorded voice, disclosed a third-party's alleged debt.

28. Between March 4, 2013, and April 2, 2013, Plaintiff repeatedly informed Defendant, by pressing "3" on the telephone keypad as instructed by Defendant, the calls were improper.

29. On April 3, 2013, Defendant placed an autodialed telephone call to Plaintiff, and using a live voice, refused to identify herself despite Plaintiff's request.

30. Between March 4, 2013, and the filing of this action, Plaintiff and Defendant have been unable to reach an agreement to settle the matter amicably.

## COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 et seq.

31. Congress first passed the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* (TCPA) in 1991 in response to consumer concerns about the growing number of unsolicited telephone calls to their homes and the increasing use of automated and prerecorded messages.

32. The TCPA imposes restrictions on the use of the telephone network-both landline and wireless-for unsolicited calls by telephone and facsimile.

33. The Act prohibits certain categories of calls made using an automated telephone dialing system and/or prerecorded calls to wireless numbers including SMS/text message calls.

34. The TCPA also prohibits non-emergency commercial calls to residential phones using an artificial or prerecorded voice without the recipients' prior written consent.

35. The TCPA holds, in relevant part at *47 U.S.C. § 226(b)(1)(B)*:

> "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States....to initiate any telephone call to any residential telephone line using

*an artificial or prerecorded voice to deliver a message without the prior express consent of the party…."*

36. The TCPA is a strict liability statute.

37. Plaintiff never gave express consent for Defendant to contact him.

38. Plaintiff never gave express consent for Defendant to use an artificial or prerecorded voice in communicating with him, or to deliver a message.

39. Defendant violated § 227(b)(1)(B) of the TCPA by repeatedly initiating automated telephone calls to Plaintiff's residential telephone line(s) using an artificial or prerecorded voice to deliver a message, without the prior express consent of the Plaintiff.

40. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by repeatedly initiating automated telephone calls to Plaintiff's cellular telephone line(s) using an artificial or prerecorded voice to deliver a message, without the prior express consent of the Plaintiff.

## COUNT II

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 et seq.

41. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

42. The FDCPA was enacted to "eliminate" a number of activities and conduct on the part of debt collectors such as

"abusive debt collection practices by debt collectors…and…to protect consumers against debt collection abuses." *15 U.S.C. § 1692(e)*. To that end, the FDCPA holds, in relevant part, that,

> *"any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –*
>
> *(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;*
>
> *(2) not state that such a consumer owes any debt;*
>
> *(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."* 15 U.S.C. § 1692(b).

The FDCPA, *inter alia*, also states that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," *15 U.S.C. § 1692(e)*, and "may not use unfair or unconscionable means to collect or attempt to collect any debt," *15 U.S.C. § 1692(f)*.

43. Defendant knowingly, intentionally and deliberately routinely engaged in numerous acts or omissions prohibited by the FDCPA, including, but not limited to:

44. Defendant violated § 1692(b)(1) of the FDCPA by failing to "identify himself, state that he is confirming or correcting location information concerning the consumer, and, [when requested] requested, identify his employer."

45. Defendant violated § 1692(d)(5) of the FDCPA by "causing a telephone to ring...repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

46. The foregoing acts of Defendant constitute violations of the FDCPA.

47. Accordingly, as a direct and proximate result of Defendant's outrageous conduct and acts, Plaintiff suffered both emotional distress and economic losses; Defendant's conduct has caused Plaintiff emotional distress including but not limited to embarrassment, humiliation, anger, anxiety, and fear.

## COUNT III

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

48. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

49. The Rosenthal Fair Debt Collection Practices Act (RFDCPA) was enacted by the California Legislature "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." *Cal. Civ. Code § 1788.1(b)*

50. Penalties provided for under RFDCPA "are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law." *Cal. Civ. Code § 1788.32.*

51. RFDCPA, at *§ 1788.17*, holds that a violation of the FDCPA is also a violation of the RFDCPA.

52. Defendant violated *§ 1788.17* of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOUGLAS KRUSCHEN, requests that judgment be entered against Defendant, FMA ALLIANCE, LTD., for the following:

**Count I:**

53. Declaratory judgment that Defendant's conduct violated the Telephone Consumer Protection Act,

54. Statutory damages of $500.00 per call, pursuant to the Telephone Consumer Protection Act, *47 U.S.C. § 227(b)(B)(3),*

55. Treble "per call" statutory damages ($1,500.00) pursuant to the Telephone Consumer Protection Act, *47 U.S.C. § 227(b)(B)(3),* and

56. Any other relief as the court deems appropriate.

**Count II:**

57. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

58. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. § 1692k*,

59. Costs and reasonable attorney's fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. § 1692k*, and

60. Any other relief as the court deems appropriate.

**Count III:**

61. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

62. Statutory damages of up to $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(b)*,

63. Costs and reasonable legal fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(c)*, and

64. Any other relief as the court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DOUGLAS KRUSCHEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: September 23, 2013

By: Douglas Kruschen
(Plaintiff Pro Se)

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, DOUGLAS KRUSCHEN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I believe that all of the facts contained in the above entitled civil Complaint are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass and Defendant, cause unnecessary delay to and Defendant, or create needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated exhibits, except some may contain my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DOUGLAS KRUSCHEN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: September 23, 2013

By: DOUGLAS KRUSCHEN
(Plaintiff)